Chancellor Thompson
The opinion of the circuit judge, that the power of leasing the Wadsworth lands is vested in the five trustees elected biennially, I think fully sustained by the reasons assigned for it in his decree. The question to be considered relates to the exercise of that power. The object of Wad worth’s bounty was the supporting and maintaining of a free school, for poor children residing within certain limits in Laurens district. It was to he under the direction and government of the trustees, and if .they should neglect at any time or cease to apply for two years the funds destined for this purpose, the.gift is revoked.. There is also a restriction that the lands *221 from which the funds are to arise, should never be sold or aliened.
It is objected to the leases by the trustees, that they were made for ninety-nine years, for the inadequate sum of $2,200, payable in eight years, without a reservation of an annual rent, or stipulation to deliver up the land and mill seat with the improvements, in in good order at the end of the time. The test iator does not prescribe any mode of raising the funds necessary io carry the object of his bounty into effect. The trustees are left to act on this point, subject only to the restriction that the jands should not be sold or aliened. They were under no obligation to reserve an annual rent, or to require any stipulation respecting the delivery of the premises at the expiration of the leases. The restriction on selling or aliening would have been violated, if as was put in the argument, the trustees had made leases for nine hundred and ninety-nine years; such leases would obviously have violated the intention of the testator, and it must be admitted that these leases for ninety-nine years could uot be supported, but for very strong and special circumstances under which they were disposed of. The trustees acted with the utmost fairness and to the best of their judgment for the benefit of the institution. They tried to dispose of leases for two and ten years and failed, and Col. Baily says, even made several attempts to lease at ninety-nine years, before they succeeded; and several witnesses declare that the lauds brought as much as the fee simple of them was worth. Col. Burnsides says, that the price of the mill seat was the greatest fund, and if that had ceased, the fund would have been too small to have gone on. The sale of these leases put the institution out of the reach of casualties which might have been ruinous. . It ap*. pears that the mill got burnt soon after the lease to Ligón for ninety-nine years, and Major Dunlap says, that after the mill had been burnt, if it had been on a short lease, the scheme and plan of the testator could not have been carried on for want of funds, as no one would have rebuilt on a short lease. It is therefore fortunate for the institution that these long leases Were made. But we must judge of the conduct of the trustees *222 by the state of things as they existed when the leases were made, and not by subsequent events. The property has appreciated greatly since, but as Col. Baily observes, it owes its chief value to Ligon’s skill and expenditures. The mills and improvements are estimated at ‡ 11,000, a sum far exceeding the value of the lands in fee simple when the leases were made, the benefit arising from the application of which, cannot in my opinion be justly taken from fair and bona fide purchasers and given to the institution; and it is a consideration entitled to weight, that the setting aside of the leases would disturb many titles of which -the holders had no reason to doubt the validity, and which •were fairly acquired, give rise to much litigation, and involve a number of persons confessedly innocent, in expensive and ruinous law suits. The danger, that in a lapse of so long a time as ninety-nine years the tenants of the lands might set up and acquire a right by possession, can be efficiently guarded against by requiring a recognition of tbe title of tbe trustees at tbe expiration of every four years, and it is the duty of tbe ■trustees to see that this recognition is made.
It is ordered and adjudged that the decree of the circuit court be reversed; tire leases of the lands for ninety-nine years made by the trustees be confirmed, and that the present and future tenants of the leased lands, be required from time to time to make such a recognition of the title of the trustees as they may think proper to demand, in order to protect the said leased lands against any claim of right which might be set up or acquired by possession or otherwise; the parties to pay their own costs.
Chancellors Guillará and James, concurred.